UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
Michael J. Verdi, *et al*, :
: CASE NO. 1:10-CV-1888
Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Doc. 17]
Domino Logistics Co., *et al*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this putative Fair Labor Standards Act collective action, Plaintiffs move the Court to partially lift the stay it imposed following Defendant Domino Logistic's bankruptcy filing. [Doc. 17.] Plaintiff says that Domino's principal, Defendant J. Ross Haffey, did not file for bankruptcy and asks for an order allowing the case to proceed against Defendant Haffey. [Doc. 17.]

A petition filed for bankruptcy operates as a stay and is applicable to the continuation of a judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). The automatic stay stays actions against the debtor and not "separate legal entities such as corporate affiliates, partners in debtor partnerships or to co-defendants in pending litigation." *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). Extending a bankruptcy stay to a non-bankrupt co-defendant is justified only in "unusual circumstances." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 308 (6th Cir. 2000). Such circumstances usually include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization. That question, however, is to be decided by the bankruptcy court; the request for a stay pursuant to the automatic stay provision "can only be

-1-

Case No. 1:10-CV-1888
Gwin, J.

presented to the bankruptcy court." *Patton*, 8 F.3d at 349.

Moreover, Defendant Haffey has not brought forth sufficient evidence of unusual circumstances which would justify extending the stay under the Court's inherent power to stay proceedings before it. *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1199 (6th Cir. 1983). It is incumbent upon the non-bankrupt party to establish that the reorganization efforts of the debtor would be irreparably harmed by the continuation of the litigation. *In re Trans-Service Logistics, Inc.*, 304 B.R. 805, 807 (S.D. Ohio 2004). Here, Defendant Haffey says that he and his counsel are obligated to assist in the reorganization of Domino and that this case would interfere with their duties to Domino's bankruptcy estate. [Doc. 18.] This argument is insufficient to support any stay of the case against Haffey.

Accordingly, the Court **GRANTS** Plaintiffs' motion and will allow the case to proceed against Defendant Haffey.

IT IS SO ORDERED.


Dated: February 11, 2011               s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE